IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2016

**STATE OF TENNESSEE v. ROBERT G. THORNTON**

**Appeal from the Circuit Court for Hickman County**
**No. 14-5023CR        James G. Martin, III, Judge**

———————————

**No. M2015-01555-CCA-R3-CD – Filed January 10, 2017**

———————————

NORMA MCGEE OGLE, J., dissenting.

I respectfully dissent from the majority's conclusion that the police had probable cause to search the Defendant's vehicle.

As stated by the majority, "Probable cause has been defined as a reasonable ground for suspicion, supported by circumstances indicative of an illegal act." Henning, 975 S.W.2d at 294; see State v. Ronald Edward Parrish, No. 01C01-9309-CC-00292, 1995 WL 678810, at *3 (Tenn. Crim. App. at Nashville, Nov. 16, 1995) (stating that "[p]robable cause means reasonable grounds for suspicion for cautious men to believe that the accused person is guilty of the offense upon which the search is founded"). In determining whether the evidence established a nexus between the crime of solicitation of a minor and the vehicle, the majority finds that the following facts warranted belief that evidence of the criminal activity would be found in the vehicle: the Defendant referenced a condom and "sexual items" in his text message to the minor; he insisted on confirming that the person he was communicating with was a child; he brought a single condom to the late-night, outdoor meeting with the minor; he attempted to conceal his car by parking at a distance at his sister's home; and he was evasive in revealing the vehicle's location.

Relevant to this case, the statute for solicitation of a minor provides as follows:

> It is an offense for a person eighteen (18) years of age or older, by means of oral, written or electronic communication, electronic mail or Internet services, directly or through another, to intentionally command, request, hire, persuade, invite or attempt to induce a person whom the person making the solicitation knows, or should know, is less than eighteen

(18) years of age, or solicits a law enforcement officer posing
as a minor, and whom the person making the solicitation
reasonably believes to be less than eighteen (18) years of age,
to engage in conduct that, if completed, would constitute
[rape of a child.]

Tenn. Code Ann. § 39-13-528(a)(1). First and foremost, I point out that the Defendant never communicated a statement to the minor regarding the two of them engaging in any sex act. The Defendant stated in a text to the minor, "Ok I don't mind givin you a condom but I just don't trust a lot of people when it comes to condoms and sexual items." Therefore, I question whether the crime of solicitation of minor was even committed in this case.

Regarding the issue of probable cause to search the vehicle, the Defendant referred to only one condom in his text, and the police found that one condom on his person. The Defendant stated in the text that he did not "trust a lot of people when it comes to . . . sexual items" but did not state that he would bring sexual items to the meeting or use them with the minor. Therefore, neither the condom nor the "sexual items" mentioned in the text established a nexus between the alleged crime and the vehicle. The Defendant's determination to make sure the minor was, in fact, a minor, his arranging to meet the minor in the middle of the night, and his evasiveness about the location of his vehicle were certainly concerning. However, in my view, those actions did not create probable cause to search his vehicle. I note that the Defendant parked his vehicle near the meeting site; in the front yard of his sister's home, where it would be recognized; and near the highway. Moreover, despite the Defendant's refusal to tell the police where he had parked the vehicle, they found it soon after his arrest.

In sum, I do not believe the circumstances, even considered in their totality, established a nexus between the alleged crime and the vehicle. Therefore, I would hold that the police did not have probable cause for the search and reverse the Defendant's convictions for sexual exploitation of a minor.

_____
NORMA MCGEE OGLE, JUDGE